IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)

| IN RE:<br>    DOUGLAS J. ROSENBAUM<br>              DEBTOR | CHAPTER 13 |
|---|---|
| DANA L. ROSENBAUM<br>     (NON-FILING CO-MORTGAGOR) | CASE NUMBER: 18-10188-JKF |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND *IN REM*/PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY**

Upon the Motion filed on October 23, 2018 (the "Motion") of Charles Schwab Bank c/o Quicken Loans Inc., as servicing agent ("Movant"), requesting that the automatic stay be modified and terminated to permit Movant to pursue its rights to the real property located at 196 Anselm Drive, Richboro, PA 18954 (the "Property"); as well as requesting *in rem*/prospective relief from the automatic stay as to the Property in regard to the interest of Movant:

It is ORDERED ~~AND DECREED~~ that Movant is granted relief from the stay of 11 U.S.C. §362 as against Douglas J. Rosenbaum ("Debtor") to proceed with its mortgage foreclosure action and sale (and all other rights under state and federal law) concerning the Property.

It is further ORDERED ~~and DECREED~~ that the automatic stay under 11 U.S.C. §362 shall not arise against Movant (and any assignee/successor-in-interest) in this Bankruptcy Proceeding or any future Bankruptcy proceeding filed by Debtor or any successor-in-interest to Debtor, including, but not limited to, any entity or person that takes any interest in the Property from Debtor (such as a deed of trust, mortgage, deed or any other legal interest, lien or right to or in the Property). In the event Debtor attempts to transfer any interest in the Property to any entity or person then Debtor shall be REQUIRED to provide a copy of this Court Order to any such prospective transferee such that the transferee is aware of the existence of this Order and is bound

by the terms of this Order and the relief from any such bankruptcy stay. Further, relief is granted from the automatic stay as to any transferee that has received an interest in the Property as of the date this Motion was filed and it shall be the obligation and duty of Debtor to notify each such transferee of this Order. ~~Failure of Debtor to comply with the terms of this Order shall constitute Contempt.~~

It is further ORDERED and ~~DECREED~~ that automatic stay under 11 USC §362 with regard to the Property shall not arise as to Movant (and any assignee/successor-in-interest) in this Bankruptcy or any other Bankruptcy filed by Debtor or any successor-in-interest to Debtor.

~~It is further ORDERED and DECREED that Movant (and any assignee/successor-in-interest) may record this Order in the same fashion as an interest or lien may be recorded under state law, pursuant to 11 USC §362(d)(4), and from the date of recording no automatic stay shall arise under any provision of the Bankruptcy Code as to Movant (and any assignee/successor-in-interest) with regard to the Property (and Debtor, or any successor-in-interest to Debtor) for an indefinite period of time subject to the following paragraph.~~

Notwithstanding the preceding paragraphs, Debtor may seek relief from the terms of this Order at any time by filing an appropriate motion with this Court.

~~It is further ORDERED and DECREED that the 14-day stay pursuant to BKRP 4001(a)(3) is hereby waived.~~ This relief applies to the Debtor only.

BY THE COURT:

Dated: November 27, 2018

_/s/ Jean K. FitzSimon_  
UNITED STATES BANKRUPTCY JUDGE  
Judge Jean K. FitzSimon